UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

REBERTO A. TEJADA,

                Plaintiff,

       -against-

COMMISSIONER OF SOCIAL SECURITY, et al.,

                Defendants.

24-CV-10068 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff filed this action *pro se* seeking, among other things, review of a Social Security Administration (SSA) decision regarding his entitlement to disability insurance benefits. Because Plaintiff had already brought an action raising the same claims, *Tejada v. Social Sec. Admin.*, No. 24-CV-04852 (BCM) (S.D.N.Y.) (*Tejada I*), this new complaint was refiled as a supplemental complaint in *Tejada I*. On January 17, 2025, the Court directed that this action be closed without prejudice to Plaintiff's claims proceeding in *Tejada I*.[1]

      Since this action was closed, Plaintiff has filed numerous applications. (ECF Nos. 9-18, 20-27.)[2] The Court liberally construes these submissions as motions for relief under Rule 60(b) of the Federal Rules of Civil Procedure. After reviewing the arguments in Plaintiff's submissions, the Court denies the motions.

---

[1] Plaintiff had voluntarily withdrawn his claims in *Tejada I*, before filing this new complaint. After this new complaint was refiled in *Tejada I*, Magistrate Judge Moses reopened that action.

[2] Plaintiff also requests that a summons issue in this action. (ECF 19.)

## DISCUSSION

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).[3]

Plaintiff has submitted in this closed action numerous documents, which can be understood as:

(1) subpoenas to testify at depositions (ECF Nos. 9-11);

(2) declarations seeking to "stop [SSA] stopping supplement[al] security [income that] was granted" (ECF 12 at 1), asserting that payments from SSA were "reduce[d] [and] cut" (ECF 13 at 2), and asserting claims about events in Kings and Queens County (ECF 12 at 2);

(3) a motion opposing the government's motion in *Tejada I* to dismiss his complaint as premature (ECF 14);

(4) an application involving an NYPD Police Officer (ECF 15);

(5) an application for backpay in connection with his social security benefits (ECF 16);

(6) a "motion for interpleader deposit" directing the Clerk of Court to accept the deposit of $4000 into the Disputed Ownership Fund (ECF 17);

(7) an application opposing the government's motion in *Tejada I* and raising claims about

---

[3] A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

theft in Kings County and possibly the Dominican Republic (ECF 18);

(8) an "amended motion" requesting a hearing and for the Court to require Defendants to pay for Plaintiff's motel room (ECF 20);

(9) a description of events occurring in Brooklyn, New York (ECF 21);

(10) a request for settlement (ECF 22);

(11) a "motion for conference" seeking to "end payment override" and stating that "Maria" at the SSA Regional Office contends that Plaintiff is not disabled, and stating that bank accounts were closed, possibly because deposits were not received (ECF 23);

(12) documents stating that Plaintiff's SSI payment had been reduced (ECF 24-25);

(13) a motion to reopen (ECF 26); and

(14) an application expressing Plaintiff's understanding that the complaint in this matter had been "sent to Hon Barbara Moses [to] conduct case in court." (ECF 27.)

This matter was closed and the complaint was refiled in *Tejada I*, so that Plaintiff's challenge to decisions of the Social Security Administration could proceed in that matter. That action has been reopened, and all further filings should be submitted in that action, under docket number 24-CV-0452 (BCM).

Plaintiff's applications do not demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) apply. Therefore, Plaintiff's motions seeking relief under any of these clauses are denied.

To the extent that Plaintiff seeks relief under Rule 60(b)(6), the motions are also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A Rule 60(b)(6) motion must show both that the

motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Plaintiff's motions (ECF Nos. 9-18, 20-27) are denied. The Clerk of Court is directed to terminate all motions in this action. This action is closed, and no summonses shall issue in the action under this docket number.

All further filings in connection with Plaintiff's current challenge to determinations of the Social Security Administration should be submitted in the action under docket number 24-CV-0452 (BCM).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   February 11, 2025
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge